## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ONE SOURCE TECHNOLOGY, LLC | ) | CASE NO.    1: 10 CV 860 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT DiFILIPPO, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter comes before the Court upon Defendant, Robert DiFilippo's Motion for Summary Judgment (ECF #24).  Plaintiff filed an Opposition to the motion and Mr. DiFilipppo filed a Reply in support of his motion.  (ECF #35, 36).  The Court has thoroughly considered the entire record before it and, applying the appropriate standard of review, finds that Defendants' Motion should be DENIED.

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  A fact is "material" only if its resolution will affect the outcome of the lawsuit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Accordingly, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Id.* at 250.  It is with these standards in mind that the instant Motions must be decided.

    Based upon a thorough review of the briefs submitted by the parties, as well as the materials submitted in support thereof, the Court finds that Plaintiffs have provided some evidence in support of their claims.  Further Plaintiffs legal arguments do not support summary judgment in this case.  The Court has jurisdiction over this case based on the presentation of a federal question under 28 U.S.C. § 1331, and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.   Furthermore, Plaintiff is correct in its assertion that the Lanham Act does apply because the computer technology and/or system at issue is considered goods or services for the purposes of the Act under the relevant case law.  Therefore, Plaintiff's claims are not defeated by operation of law, and genuine issues of material fact exist which make summary judgment inappropriate in this case.  Accordingly, Defendants' Motion for Summary Judgment(ECF # 24) is DENIED.   Trial is set for February 13, 2012 at 8:30 a.m.

       /s/Donald C. Nugent  
    DONALD C. NUGENT  
    United States District Judge

DATED:    December 7, 2011

2