**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ONE SOURCE TECHNOLOGY, LLC | ) | |
| dba ASURINT, | ) | CASE NO.    1: 10 CV 860 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT DiFILIPPO, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter comes before the Court upon Defendant's Motion for Summary Judgment (ECF #23,24), and Plaintiff One Source Technology's Motion for Partial Summary Judgment. (ECF #40).  Both motions have been fully briefed.  The Court has thoroughly considered the entire record before it and, applying the appropriate standard of review, finds that both motions should be DENIED.

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Accordingly, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.  It is with these standards in mind that the instant Motions must be decided.

The case was brought to determine whether Plaintiff, Asurint or Defendant, Mr. DiFilippo is the proper owner of an invention for conducting and scoring criminal background investigations, and the patent application filed for this invention. Defendant was an employee of Asurint between March 2006 and July 2008. Prior to his employment, Mr. DiFilippo entered into a mutual non-disclosure agreement with Asurint, and his employment was subject to a non-competition and non-disclosure agreements.

Mr. DiFilippo claims that he conceived the invention prior to his employment and that, therefore, he has ownership rights to the invention. He admits to disclosing basic facts about the invention to Asurint during his employment, but contends Asurint made no reciprocal disclosures. Asurint, however, alleges that the invention was conceived and developed by another one of its employees; that Mr. DiFilippo had access to the invention through his employment; and, that Mr. DiFilippo misappropriated the invention for his own use, filing a false patent application in which he claimed to be the sole inventor.

Based upon a thorough review of the briefs submitted by the parties, as well as the materials submitted in support thereof, the Court finds that both parties have established that there is some evidence to support their respective positions in this lawsuit. Asurint has provided some evidence that would support its claims against Mr. DiFilippo, and Mr. DiFilippo has provided some evidence that would support his defense against the breach of contract, misappropriation of trade secrets and breach of duty of loyalty claims brought by Asurint.. Therefore, genuine issues of material fact exist which make summary judgment inappropriate in this case. Accordingly, Defendant's Motion for Summary Judgment (ECF # 23,24), and Plaintiff's Motion for Partial Summary Judgment (ECF #40) are both DENIED. This case shall

proceed to jury trial at 8:30 a.m. on February 13, 2012. Defendant also has a pending Motion for Sanctions (ECF #25). That motion is denied at this time. The issue of sanctions may be revisited at the conclusion of the litigation, if appropriate.

    IT IS SO ORDERED.

        /s/Donald C. Nugent
        DONALD C. NUGENT
        United States District Judge

DATED:   January 19, 2012