# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ONE SOURCE TECHNOLOGY, LLC | ) | CASE NO.    1: 10 CV 860 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT DiFILIPPO, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter comes before the Court upon Plaintiff One Source Technology, LLC dba Asurint's Motion for Partial Summary Judgment. (ECF #40). Defendant filed a Response, a Corrected Response, and a Supplement to its Response. (ECF #59, 60, 62). Plaintiff filed a supplementation to its original Motion, and a Reply in support of its motion. (ECF #46, 63). The Court has thoroughly considered the parties' briefs, the evidence submitted in support of those briefs, the information provided in connection with the parties' prior briefing on an earlier motion for summary judgment, and all of the relevant law. Based on all of the information properly before the Court and applying the appropriate standard of review, the Court finds that Plaintiff's motion should be DENIED.

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, proper

summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250. It is with these standards in mind that the instant Motions must be decided.

Based upon a thorough review of the briefs submitted by the parties, as well as the materials submitted in support thereof, the Court finds that Defendant has provided some evidence that could support a defense to Plaintiff's claims for breach of contract, misappropriation of trade secrets, and breach of the duty of loyalty. There is sufficient ambiguity in the contract language to create a question of fact as to whether the assignment of work product provisions under Paragraph 6 apply under the facts and circumstances alleged by Defendant, especially considering the interaction between sections 6.1, 6.2, and 6.4. Further, there is conflicting evidence as to whether Defendant's patent application identified any trade secrets that were owned and properly protected by Plaintiff, specifically those referred to as "iMARC" or "iMARC technology." Plaintiff's legal arguments do not support summary judgment in this case, and there remain sufficient issues of material fact to warrant a trial in this case. Accordingly, Plaintiff's Motion for Partial Summary Judgment (ECF #40) is DENIED. Trial is set for April 16, 2012 at 8:30 a.m.

    /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED:  March 23, 2012