UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ONE SOURCE TECHNOLOGY, LLC, dba ASURINT | ) ) ) | CASE NUMBER 1: 10 CV 860 |
| Plaintiff, | ) ) ) ) ) | JUDGE DONALD C. NUGENT |
| vs. | ) ) ) | ORDER AND FINAL JUDGMENT |
| ROBERT DiFILIPPO, | ) ) ) | |
| Defendant. | ) | |

This matter is before the Court on the following post trial motions: Plaintiff's Motion for Injunctive Relief and Declaratory Judgment Pursuant to Counts 1, 4, and 13 of the Amended Complaint (ECF #105); Plaintiff's Motion for Attorney's Fees and Costs (ECF #104); and Defendant's Motion to have the Case Declared Exceptional and for an Award of Costs, Expenses and Reasonable Attorney Fees (ECF #106); and Defendant's Motion for Reconsideration of the Order Dismissing his Counterclaim and for a Declaration that he is the Owner of U.S. Patent No. 8,112,427 (ECF #107).

Moving first to Plaintiff's Motion for Injunctive and Declaratory Judgment, Plaintiff seeks an order assigning United States Patent No. 8,112,427 ("the '427 Patent") to Asurint and compelling Defendant to execute all documents necessary for Asurint to perfect its right, title, and interest in the '427 Patent; declare that Asurint owns the '427 Patent and that Asurint employees other than Defendant are its true inventors; or in the alternative, correcting the inventorship of the '427 Patent so that Mr. DiFilippo is removed and other Asurint employees are substituted as the rightful inventors; and compelling Mr. DiFilippo to disgorge his Class C

ownership share in Asurint and return the share to Asurint. The Jury found that Defendant breached his Non-Competition and Non-Disclosure Agreement ("Agreement") with Plaintiff. Based upon the instructions given to the Jury and the terms of the Agreement, it is clear that the Jury found that Defendant used Plaintiff's confidential information or work product in obtaining his patent and that under the express terms of the Agreement, any and all work product shall be the exclusive property of Asurint and that Mr. DiFilippo conveyed, assigned and set over to Asurint all rights, title and interests in, to and under such work product, including all copyrights and patent rights. (Agreement, §6.2(A) and (B).)

Specifically, the Jury was instructed that Defendant could breach the Agreement either by competing against Plaintiff by disclosing confidential information that belonged to Asurint without Asurint's authorization, or by asserting ownership of work product he generated as part of his employment with Asurint; and/or by either disclosing Asurint's confidential information to third parties by way of a patent application that Mr. DiFilippo filed or failed to disclose and assign to Asurint work product he generated as part of or during his employment with Asurint, provided that Mr. DiFilippo did not possess or did not conceive such information or work product prior to working for Asurint. The Jury was further instructed that the Agreement provides that Mr. DiFilippo acknowledges and agrees that any and all work product shall be the exclusive property of Asurint and that Asurint owns all copyrights, patent rights, trade secrets, trademarks and all other rights and protections with respect to work product generated as part of his employment with Asurint and that Mr. DiFilippo coveys and assigns and sets over to Asurint all rights, title and interests in, to and under such work product, including without limitation, all copyrights, patent rights, trade secrets, trademarks and all other rights and protections with

respect thereto. . ..

Accordingly, ownership of the '427 Patent properly belongs to Asurint under the express terms of the Agreement and Mr. DiFilippo is ordered to execute all documents necessary for Asurint to perfect its right, title, and interest in the '427 Patent.

Plaintiff's request that the Inventorship of the '427 Patent be corrected pursuant to Counts 1 and 13 of the Amended Complaint is denied. Count 13 of the Amended Complaint seeking Correction of Inventorship pursuant to 35 U.S.C. §256 was dismissed before the case was given to the Jury. Further, there was insufficient evidence submitted at trial to justify or support any such correction.

Finally, Plaintiff requests that the Court order Defendant to disgorge his Class C ownership share in Asurint and return the share to Asurint. This request is denied as Plaintiff has already sought and obtained relief and damages under the Agreement pursuant to its claim for breach of contract. As such, Plaintiff may not now contend that the Agreement should be terminated and rescinded.

Next both Plaintiff and Defendant move for attorneys fees and costs. Both parties have prevailed on some claims and not on others. Based upon the unique circumstances and facts of this action, the Court finds that it would be too difficult to parse out the fees and expenses relative to each of the numerous claims asserted in order to fairly distribute the fees and costs. Accordingly, the Court finds that each party should bear its own attorneys fees, costs and expenses. As such, both Plaintiff's Motion (ECF #104) and Defendant's Motion (ECF #107) are denied.

Finally, Defendant asks the Court to reconsider its Order Dismissing his Counterclaim

and declare that he is the owner of '427 Patent. (ECF #107). Defendant has not supplied any new or additional reason or support that was not already considered by the Court in making its initial ruling dismissing his Counterclaim. As such his Motion for Reconsideration is denied. Moreover, as discussed above, the Court has determined that under the terms of the Agreement, Plaintiff is the Owner of the '427 Patent. Accordingly, Defendant's request that he be declared the owner is denied.

As all post trial motions have now been resolved, this Judgment is now complete and final.

IT IS SO ORDERED.

                                                                                                                                  */s/Donald C. Nugent*  
                                                                                                                                  DONALD C. NUGENT  
                                                                                                                                  UNITED STATES DISTRICT JUDGE

DATED:   August 13, 2012